STATE OF MAINE

*vs.*

MARY L. GARING *alias* MADAM LOPEZ.

Cumberland. Opinion February 13, 1884.

*House of ill fame.  Evidence.*

Upon a trial of one indicted for keeping a house of ill fame it is admissible to prove that there were girls in the house, and that men and women were taken there at all hours of the night.

In such a case when a witness had testified that he stopped all night with a girl, one of the inmates, in the house, it is admissible to show that he soon after suffered from a disease.

In such a case it is admissible to show conversation in the house by its inmates in the presence of the respondent.

ON EXCEPTIONS from superior court.

An indictment under R. S., c. 124, § 9, charging the respondent with keeping a house of ill fame at Portland, from May 15, 1882, till the May term of court, 1883.

*Ardon W. Coombs,* county attorney, for the state, cited: *State* v. *Carson,* 66 Maine, 116; Whar. Cr. Law, § 809; Whar. Ev. § 541; *Lohman* v. *The People,* 1 Comst. (N. Y.) 379; *Com.* v. *Savory,* 10 Cush. 535; *Smith* v. *Castles,* 1 Gray, 109; 1 Starkie, Ev. § 143; 1 Greenl. Ev. §§ 459, 456, 460; 2 Phil. Ev. (C. & H. 4 Am. ed.) 939; *State* v. *Staples,* 47 N. H. 113; *Com.* v. *Kelley,* 113 Mass. 454; *State* v. *Benner,* 64 Maine, 267; Stephens, Ev. 185, 237; *Com.* v. *Sliney,* 126 Mass. 49; *Com.* v. *Kimball,* 7 Gray, 330; *Allen* v. *Lawrence,* 64 Maine, 175; *State* v. *Smith,* 65 Maine, 257; *Merrill* v. *Merrill,* 67 Maine, 75.

*H. D. Hadlock,* for the defendant, contended that the testimony admitted against defendant's objections was immaterial and irrelevant and should not have been allowed to prejudice the

respondent, " and the reason is that such testimony tends to draw away the minds of the jurors from the point in issue and to excite prejudice and mislead them." 1 Greenl. Ev. § 52.

Also that it was the right of the respondent to inquire of the government witness if he had ever been arrested. " There is certainly great force in the argument that when a man's liberty or his life depends upon the testimony of another it is of infinite importance that those who are to decide upon that testimony should know to the greatest extent how far the witness is to be trusted." 1 Greenl. Ev. § 455 ; 1 Whar. Ev. § § 544, 567 ; 2 Best, Ev. § 546 ; 1 Starkie, Ev. § 143 ; *Wilbur* v. *Flood*, 16 Mich. 40 ; Cox, Cr. Law Cas. 76 ; 48 Cal. 335 ; *Harris* v. *Tippett*, 2 Camp. 638 ; *Shephard* v. *Parker*, 36 N. Y. 517 ; *Cundell* v. *Pratt*, 1 M. &. M. 108 ; *Real* v. *The People*, 42 N. Y. 270 ; *Hall* v. *State*, 40 Ala. 698 ; *The People* v. *Blakeley*, 4 Park. (N. Y.) Cr. 176 ; *State* v. *Patterson*, 2 Ired. 346 ; *State* v. *Wentworth*, 65 Maine, 241 ; *Cloyes* v. *Thayer*, 3 Hill, (N. Y.) 564 ; *Ward* v. *The People*, 6 Hill, (N. Y.) 144 ; *The State* v. *Foster*, 3 Foster, 348 ; *Brandon* v. *The People*, 42 N. Y. 265.

Comments of a court in the presence of a jury even upon a correct ruling are cause for a new trial when such comments suggest to the jury the opinion of the court upon a question of fact. *Carne* v. *Litchfield*, 2 Mich. 340.

APPLETON, C. J. The defendant was indicted under the provisions of R. S., c. 124, § 9, for keeping a house of ill fame resorted to for the purpose of prostitution or lewdness, of which offence she was convicted.

Exceptions were duly alleged to the rulings of the presiding justice, which have been elaborately argued.

I. The government called various witnesses to prove that there were girls in the house, and that men and women were taken there at all hours of the night. This was to show that persons of both sexes resorted at all hours of the night to the defendant's house. Without such resorting the offence could not be committed.

II. A sailor was called who testified that he stopped at the defendant's with a girl residing there, that after sailing from

Portland to Philadelphia he found he had a disease. As to what might be the character of the disease, no inquiry was made by the counsel for the defendant. That shortly after leaving the defendant's house, he found himself diseased was a fact which the jury might well consider, particularly when the vigilant counsel for the prisoner made no inquiries as to the length of time he had been diseased nor as to the nature of the disease.

III. While a witness was not allowed to answer the questions whether he had ever been arrested or tried for any offence, he was subsequently permitted to testify in answer to the inquiry of the prisoner's counsel, that he was never convicted to his knowledge and was never tried by any court. The defendant is bound by the answers to his counsel's inquiries and it matters little whether they were given on the occasion of the first or the second time the questions were proposed. His questions were answered.

IV. What was said in the house by its inmates in the presence of the mistress was properly admissible.

V. The defendant called Mrs. Stevens, who testified that she was a member of the Women's Christian Temperance Union; that she was connected with the home for fallen women; that she visited defendant's house for a benevolent purpose, and that she saw nothing improper. After the evidence had been received, the defendant's counsel moved it be stricken out, which the judge granted to be done — and gave him the liberty of having it in or out at his option — which certainly affords him no cause of complaint.

VI. The remark of the presiding judge in reference to the striking out of the evidence of Mrs. Stevens, that ladies did not visit his house for the purpose indicated by her and that the testimony was stricken out at his request was an incidental remark in no way affecting the issue — and affords no reasonable ground for disturbing the verdict.

*Exceptions overruled.*

WALTON, VIRGIN, PETERS, LIBBEY and SYMONDS, JJ., concurred.